IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　**Plaintiff,** )<br>　　　　　　　　　　　　　　　　 )<br>　　vs.　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>**WINSTON BURNETT,**　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　　　　　　**Defendant.** ) | Case No. 3:24-cr-30109-DWD |

### PRELIMINARY ORDER OF FORFEITURE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 32.2 WITH RESPECT TO A CERTAIN FIREARM AND AMMUNITION

In the Indictment (Doc. 1) filed in this case on August 20, 2024, the Government sought the forfeiture of property of Defendant pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). The Court, upon consideration of the guilty plea entered in this case (Doc. 30), **FINDS** the following property is forfeitable and **ORDERS FORFEITED**:

> **A Harrington and Richardson Arms, 38S S&W revolver bearing serial number 15160, and any and all magazine and ammunition seized.**

The Government shall provide notice of the forfeiture and the right of persons, other than Defendant, who have any claim or legal interest in any of the property, to file a petition with the Court. The notice shall be provided in a manner consistent with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the

1

petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The Government shall, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing of a petition alleging the third-party interests in the property, the Court may amend this Order of Forfeiture to resolve the claimed third-party interests.

The United States Marshal or the Custodian for the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall seize and reduce to their possession, if they have not already done so, the above-described property.

This Order of Forfeiture under Rule 32.2(b)(3) shall become final with respect to Defendant at the time of his sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order of Forfeiture shall be made part of the sentence of Defendant and shall be included in the Judgment imposed against Defendant. Although this Order of Forfeiture is final with respect to Defendant at the time of his sentencing, it may be amended with respect to petitions filed by third parties claiming an interest in the forfeited property.

The United States may abandon the forfeiture of the property by filing a notice of the abandonment with the Court.

Consistent with the foregoing, the Government's Motion for the Entry of a

Preliminary Order of Forfeiture (Doc. 34) is **GRANTED**.

**SO ORDERED.**

Dated: May 29, 2025

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge